UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL CERRIE,

                             Plaintiff,

v.                                       Civil Action No. _____

UNITED STATES COLLECTION AGENCY, INC.,

                             Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Michael Cerrie is a natural person residing in the County of Chautauqua and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant United States Collection Agen, Inc., (hereinafter "United") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff does not owe any debt nor is subject to any liability for a debt.

10. That a different "Michael Cerrie" incurred a debt to United Readers Service. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That upon information and belief Defendant was employed by United Readers Service to collect on the subject debt.

13. That in or about January 2010, Defendant began calling Plaintiff multiple times per week in an attempt to collect on the subject debt.

14. That on or about January 2010, Plaintiff received calls from Defendant's representatives. Each time Defendant's representatives asked for "Michael Cerrie" and spoke with Plaintiff. That in each call Defendant failed to confirm the last four digits of Plaintiff's social security number and only stated that they were calling about a debt to United Readers Service for unpaid magazine subscriptions. Defendant told Plaintiff that the magazines were sent to his address at 201 Eagle Street. Plaintiff informed Defendant that 210 Eagle Street was not his address and that he never lived there. Plaintiff then explained to Defendant that the subject debt was not his and that he did not order or receive any magazine subscriptions, and requested that Defendant stop contacting him. That despite Plaintiff's disclosures that the debt was not his and the requests to stop contacting him, Defendant continued to contact Plaintiff.

15. That on or about February 2010, Defendant contacted Plaintiff. Plaintiff again informed Defendant that the subject debt was not his and requested Defendant stop contacting him. Defendant became aggressive towards Plaintiff and stated that Plaintiff would be sorry 6 months down the road and kicking himself in the ass for what was going to happen. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or his property unless he submitted to Defendant's demands, and that Plaintiff would be sorry when these actions came about.

16. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

17. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692f by attempting to collect a debt from Plaintiff that Plaintiff does not owe. Such collection efforts are an unfair and unconscionable attempt to collect the subject debt.

    B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), and 15 U.S.C. §1692e(5), by stating to Plaintiff that would be sorry six months down the road and be kicking himself in the ass for what was going to happen. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or his property unless he submitted to Defendant's demands, and that Plaintiff would be sorry when these actions came about. Said action by Defendant could not legally be taken and as such it was a false, deceptive, and misleading representation in an attempt to collect the subject debt.

    C. Defendant violated 15 U.S.C. §1692d continually contacting Plaintiff after being informed that the Plaintiff did not owe the subject debt and did not want to receive any more calls. The natural consequence of such calls was to annoy, abuse, and harass the Plaintiff.

19. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

  (a) Actual damages;

  (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

  (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

  (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 17, 2010

      /s/ Seth Andrews_____
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      sandrews@kennethhiller.com